IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Ken Ellegard – Peoria Inc. d/b/a Arrowhead Honda,<br><br>　　　　　Defendant. | Case No.:   CV 10-02080-PHX-FJM<br><br>**CONSENT DECREE** |

The Joint Motion to Enter Consent Decree, as supplemented, is GRANTED. (Docs. 69 and 71).

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Ken Ellegard – Peoria Inc. d/b/a Arrowhead Honda ("Defendant" or "Arrowhead Honda") to enforce Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  In the Complaint, the Commission alleged that Defendant discriminated against Charging Party Kerwin Pena and Casey Downey, by subjecting them to sex harassment, which created a hostile work environment because of their sex.  Defendant denies liability.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  The Parties do not object to the jurisdiction of

the Court over this action and waive their rights to a jury trial and the entry of findings of fact and conclusions of law.

    1.    This Decree resolves all claims of the Commission against Defendant, including back pay, compensatory and punitive damages, interest and injunctive relief arising out of the issues in this lawsuit.

    2.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.  The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the Commission, the class members, Arrowhead Honda, and the public.

    3.    This Decree, and any provision herein regarding Arrowhead Honda, applies to Arrowhead Honda and to its officers, agents, employees, successors, and assigns.

It is hereby ORDERED, ADJUDGED AND DECREED:

**INJUNCTION**

    4.    Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are permanently enjoined from: (a) subjecting any employee to sexual harassment and (b) retaliating against any employee because he or she (i) opposed discriminatory practices made unlawful by Title VII, (ii) filed a charge or is assisting or participating in the filing of a charge of sexual harassment, or (iii) assisted or participated in an investigation or proceeding brought under Title VII.

**MONETARY RELIEF**

    5.    Defendant shall pay the gross sum of $110,000.00 (one hundred and ten thousand dollars).   Within twenty-one (21) days from the Court's entry of this Consent Decree, Defendant shall pay the settlement amount separately to the Charging Parties at the addresses supplied by the EEOC by check, cashier's check, or money order in the

distribution set forth in Exhibit A. Within three business days of the issuance of the funds, Defendant shall submit a copy of the checks or money orders and all related correspondence to the Regional Attorney of the Commission's Phoenix District Office, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

6. Defendant will not condition the receipt of individual relief on Mr. Pena's and Mr. Downey's agreement to (a) maintain as confidential the facts and/or allegations underlying his charge and complaint and the terms of this Decree; (b) waive their statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

7. Defendant shall issue United States Internal Revenue Service Form 1099 to Mr. Pena and Mr. Downey for the tax year during which payment is made.  Money paid to each constitutes compensatory damages and Defendant shall make no deductions.

## OTHER RELIEF

8. Defendant shall expunge from the personnel files of Mr. Pena and Mr. Downey: (a) all references to the allegations against Defendant that formed the basis of this action; (b) all references to participation in this action; and (c) any documents which relate to complaints or investigation of complaints of sexual harassment.  Within ten (10) days of the entry of this Consent Decree, Defendant shall also provide a neutral letter of reference, which is attached as Exhibit B, to Mr. Pena and Mr. Downey.

9. Defendant shall provide Mr. Pena and Mr. Downey with the letter of regret, attached as Exhibit C, signed and printed on Defendant's letterhead.  Defendant shall mail this letter directly to Mr. Pena and Mr. Downey within ten (10) business days of the entry of this Consent Decree by the Court.

10. Defendant shall institute and carry out policies and practices that help assure a work environment free from sexual harassment and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged,

perceived or actual, made unlawful by Title VII.  To assist Defendant in its efforts to assure such a work environment, Defendant shall take the actions provided in paragraphs eleven through fifteen of this Decree.

## NOTICE

11. Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at its facilities, the Notice, attached as Exhibit D.  The Notice shall be posted in English.  The Notice shall be the same type, style, and size as set forth in Exhibit D.

## TRAINING

12. Defendant shall provide training in English, and other languages as appropriate, on sexual harassment and retaliation.  The training shall consist of the following terms:

    A. Defendant shall retain and pay for a consultant/lecturer who shall provide consultation and training for a period of two (2) years from the date of this Decree.  This consultant/trainer shall be an attorney specializing in the field of employment discrimination law and with at least five years experience in the area.  The trainer shall provide training to Defendant's employees located in Arizona and any other employee(s) with Human Resources responsibility for Defendant's Arizona locations for a period of two years from the date of this Decree, on the issue of sexual harassment and retaliation.  During each of the two years, the consultant/lecturer shall conduct one live training seminar.  All of Defendant's employees and supervisors, both managerial and non-managerial, shall attend the live seminar or a videotaped showing of the live seminar each year.  The live seminar will be videotaped by a qualified videographer.  For the duration of this decree, new employees shall view the videotape within thirty days of commencing employment.  Defendant may have duplicative videotaped seminars to accommodate staffing needs.  Defendant shall be responsible for any additional costs to provide such duplicative seminars.

B	During the first year of the Consent Decree, the training seminars shall be conducted within three months of the entry of this Decree.  During the second, the training seminars shall be conducted between eleven (11) and thirteen (13) months after the completion of the preceding seminar.

C.	The training seminars shall be at least 1.5 hours, plus fifteen to thirty minutes of questions and answers.  All of Defendant's employees shall register when they attend a training seminar.  The registry of attendance shall be retained by Defendant for the duration of this Decree.

D.	The seminars shall include:

1.	That sex discrimination and retaliation in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment, violates Title VII;

2.	That sexual harassment, including same sex harassment, is a form of sex discrimination;

3.	An explanation of what behaviors may constitute sexual harassment and retaliation, including that same sex harassment may constitute sexual harassment;

4.	How to prevent sexual harassment and retaliation;

5.	How to provide a work environment free from sexual harassment and retaliation;

6.	And to whom and by what means employees may complain if they feel they have been subjected to sexual harassment and retaliation in the workplace.  The session shall also review and explain Defendant policies set out in Paragraph thirteen of this Decree.

7.	Defendant shall emphasize the manager/supervisor's responsible to report and/or investigate complaints of sexual harassment and indicate that Defendant's managers/supervisors may be disciplined for failing to report and/or investigate complaints of sexual harassment.

8. During the live training sessions, Defendant's Owner shall speak to the employees about the discipline that can be taken against supervisors, managers, and employees at Arrowhead Honda who commit acts of sex harassment or retaliation or allow sexual harassment or retaliation to occur in the workplace, the importance of maintaining an environment free of sexual harassment and retaliation, and Defendant's policy in regard to sexual harassment and retaliation referred to in Paragraph thirteen of this Decree.

## POLICIES/PROCEDURES

13. Within sixty (60) days of the entry of this Decree, Defendant shall develop written policies, or revise existing policies, concerning sex discrimination, including sexual harassment and retaliation, to comply with the law, and shall submit the policies to the Regional Attorney of the Phoenix District Office of the EEOC at the address provided in paragraph five above:

    A. A strong and clear commitment to a workplace free of sexual harassment and retaliation.

    B. Clear and complete definitions of sexual harassment and retaliation with many relevant examples.

    C. A strong and clear statement encouraging persons who believe they have been sexually harassed or retaliated against to come forward.

    D. The identification of specific individuals, internal and external to Defendant, with their telephone numbers, to whom employees can report the sexual harassment and/or retaliation, including a written statement that the employee may report the sexual harassment and/or retaliation to designated persons outside their chain of management.

    E. An assurance that Defendant will investigate allegations of sexual harassment and retaliation promptly, fairly, reasonably and effectively, and that appropriate corrective action will be taken when appropriate.

Case 2:10-cv-02080-FJM   Document 72   Filed 02/03/12   Page 7 of 14

   F. An assurance that sexual harassment and retaliation by all persons, including management officials, supervisors, salespersons, vendors, suppliers, third parties, and customers, is prohibited and will not be tolerated.

   G. A description of the consequences, up to and including termination that will be imposed upon violators of the policy.

   H. A promise of maximum feasible confidentiality for persons who believe that they have been subjected to retaliation.

   I. An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to unlawful discrimination.

 14. These policies shall be distributed to all of Defendant's employees within sixty (60) days of the entry of this Decree.

 15. Defendant shall not rehire or engage Joe Dennis in any capacity as an employee, contract worker, or independent contractor in any company in which the principals of Defendant have an ownership interest.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

 16. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office, at the address provided in paragraph five above, beginning six months from the date of the entry of this Decree, and thereafter every year for the duration of the Decree, the following information:

   A. A copy of the revised policies required in paragraph thirteen of this Decree.

   B. Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subjects of unlawful sexual harassment and retaliation.

   C. The name, address, and telephone number of any individual who has lodged a complaint that has come to the attention of the Owner, or Controller, of

same sex sexual harassment, against any of Defendant's management. The nature of the complaint, investigatory efforts made by Defendant, and corrective action taken, if any, also shall be specified.

      D.     Confirmation that the registries of persons attending the live training sessions are within defendant's possession, and all employees were present at the live training session or viewed the video of it.

      E.     Confirmation that: (1) the Notice required in paragraph eleven of this Decree was posted, and the location(s) where it was posted; (2) the policies required in paragraph thirteen were distributed to each current and new employee of Defendant, and posted; (3) the expungement from Mr. Pena's and Mr. Downey's personnel files required in paragraph eight of this Decree took place, the date of the expungement, and the specific documents expunged.

    17.    Defendant shall promptly and appropriately respond to all complaints of sexual harassment.

## COSTS AND DURATION

    18.    Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

    19    The duration of this Decree shall be twenty-four (24) months from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, the Court may order appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

    20.    In the event Defendant is not in compliance with any provision of this Decree, it shall notify Defendant in writing of the non-compliance and afford defendant twenty days after service of the notice to remedy the non-compliance. Said notice shall

be sent via e-mail and U.S. Mail to the Controller at 8380 West Bell Road, Peoria 85382 and to Kris Culbertson 2425 East Camelback, Ste 900, Phoenix 85016.

21. If Defendant has not remedied the non-compliance in twenty (20) days after service of the notice, the EEOC may petition this court to take appropriate action enforce the terms of the Decree.

22. Absent extension, this Decree shall expire by its own terms at the end of twenty four (24) months from the date of entry without further action by the Parties.

23. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

24. This is a final judgment. Therefore, this action is terminated.

Dated this 3rd day of February, 2012.

_____
Frederick J. Martone
United States District Judge

*(signature)*
On behalf of Ken Ellegard – Peoria Inc.

LITTLER MENDELSON

/s/ *Kristin R. Culbertson*
J. Mark Ogden
Kristin R. Culbertson
Attorneys for Defendant
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016

/s/ *Mary Jo O'Neill*
MARY JO O'NEILL
Regional Attorney
Phoenix District Office

/s/ *Sally Shanley*
Sally Shanley
Supervisory Trial Attorney

/s/ *Christopher R. Houk*
Christopher R. Houk
Trial Attorney

/s/ Guy Knoller
Guy Knoller
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Attorneys for Plaintiff

EXHIBIT A

**Charging Parties**

| | |
|---|---|
| Kerwin Pena | $ |
| Casey Downey | $ |



EXHIBIT A

**Charging Parties**

| | |
|---|---|
| Kerwin Pena | $ 66,000.00 |
| Casey Downey | $ 44,000.00 |

EXHIBIT B

[Defendant Letterhead]

To Whom It May Concern:

      This letter will serve to confirm Mr. [_____'s] employment with Ken Ellegard – Peoria Inc. d/b/a Arrowhead Honda from _____ to _____.  During this time, Mr. [_____] held the position[s] of _____.

                                      Very truly yours,

                                      Ken Ellegard
                                      Arrowhead Honda

EXHIBIT C

[Defendant Letterhead]

Dear Mr. [_____]:

    As you are aware, a lawsuit was filed by the Equal Employment Opportunity Commission against Ken Ellegard – Peoria Inc. d/b/a Arrowhead Honda ("Arrowhead Honda"), alleging sexual harassment.

    To the extent that you experienced any offensive conduct during your employment, Arrowhead Honda regrets that experience.  Please accept our commitment that the Company will take whatever steps are necessary to ensure that Arrowhead Honda employees will work in an environment free of discrimination, retaliation and harassment.

                                     Sincerely,


                                       Ken Ellegard
                                     Arrowhead Honda

EXHIBIT D
# NOTICE TO ALL EMPLOYEES

It is unlawful under federal law, Title VII of the Civil Rights Act, and state law to discriminate against an employee on the basis of race, color, national origin, sex, disability, age, religion, or genetic information in the recruiting, hiring, firing, compensation, assignment, or other terms and conditions of privileges of employment. Harassment on the basis of race, color, national origin, sex, disability, age, religion, or genetic information also violates the law. Harassment includes unwelcome verbal comments or physical conduct.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

Arrowhead Honda shall not retaliate against any employee for   complaining of discrimination.  If you believe you have been discriminated against, you have the right to seek assistance from:

(1) Ken Ellegard and/or Barbara Kush
    8380 West Bell Rd.
    Peoria, AZ 85382
    (623) 974-9700

(2) Equal Employment Opportunity Commission ("EEOC")
    3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012
    Telephone: (602) 640-5000
    TTY: (602) 640-5072
    Website (national): www.eeoc.gov; or

(2) Arizona Civil Rights Division ("ACRD")
    of the Attorney General's Office
    1275 W. Washington, Phoenix, Arizona, 85007
    Telephone: (602) 542-5263
    TDD: (602) 542-5002
    Toll Free: (877) 491-5742
    Toll Free TDD: (877) 624-8090